**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRANDON SHINN, 838938,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-2626-L** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner was convicted of burglary of a habitation and sentenced to twenty years in

prison.  *State of Texas v. Brandon Shin*, No.  97CR4485 (182nd Jud. Dist. Ct., Bexar County,

Tex., June 9, 1998).

In this case, Petitioner does not challenge his conviction.  He instead challenges his

parole revocation.  On April 18, 2011, Petitioner's parole was revoked.  On August 2, 2011,

Petitioner filed a state habeas petition.  *Ex parte Shin*, No. 76,698-01.  On November 23, 2011,

the Court of Criminal Appeals denied the petition without written order on the findings of the

trial court.

On July 24, 2012, Petitioner filed the instant petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254.  He argues his revocation violated his due process rights because:

1.      He was denied the assistance of counsel during his revocation hearing;

2.      The time period between his arrest and parole revocation was unreasonable; and

3.      The Texas Court of Criminal Appeals and the trial court incorrectly applied the law to the facts.[1]

## II.  Discussion

### 1.      Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d)      An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

---

[1]Respondent construes the petition as raising the additional claim that Petitioner was improperly denied a subsequent parole based on this challenged revocation.  In his reply, however, Petitioner states he does not raise this claim.  (Reply at 2.)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *Id.*

      **2.**     **Procedural Bar**

Respondent argues that Petitioner's claims one and two are procedurally barred.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state

court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the

federal habeas claim has been fairly presented to the highest court of the state.  *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302.  This requires that the state

court be given a fair opportunity to pass on the claim, which in turn requires that the applicant

present his claim in a procedurally proper manner according to the rules of the state courts.

*Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The record shows Petitioner did not raise claims one or two in state court.  Although

Petitioner argues he raised his due process claims, the claim he raised in state court was a

different due process claim than the claims he raises in his federal petition.  In state court,

Petitioner argued his due process rights were violated when his parole was revoked based on a

family violence assault charge.  He stated he was actually innocent of the assault and was not

indicted for the assault.  The Court finds Petitioner did not present to the state court the claims he

raises here, namely that his due process rights were violated when he was denied assistance of

counsel during his revocation hearing, and that the period of time between his arrest and his

parole revocation was unreasonable.

Accordingly, the Texas Court of Criminal Appeals has not reviewed these claims.  If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal under the abuse-of-the-writ doctrine.  These claims are therefore procedurally barred.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice."  *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice.  This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'"  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the required probability that he was actually innocent, Petitioner must support his allegations with new, reliable evidence that was not presented at the revocation hearing and must show it was more likely than not that no reasonable hearing officer would have revoked his parole in light of the new evidence.  *Id*. (citing *Schlup*, 513 U.S. at 327).  Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable hearing officer would have revoked his parole.  Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims.

**3.  State Habeas Proceeding**

Petitioner claims his due process rights were violated because the state habeas court's decision to deny relief was factually and legally incorrect.  In his state habeas petition, Petitioner argued that his revocation was unlawful because it was based on a family violence charge that was dismissed.

The record shows that Respondent held a hearing on Petitioner's revocation.  At the hearing, police officers testified that Petitioner's step-daughter called police on January 1, 2011, and told police that Petitioner was assaulting her mother, who was Petitioner's wife.  (*Ex parte Shin* at 59.)  When officers arrived, Petitioner's wife told officers that Petitioner had hit her in the face and choked her until she lost consciousness.  (*Id*.)  Officers took photographs of Petitioner's wife's injuries, which included bruising and swelling to the left eye, a gash to the left side of her chin which was bleeding, and bruises and red marks around her neck.  (*Id*.)

At the revocation hearing, however, Petitioner's wife and his step-daughter testified that Petitioner did not assault his wife.  Petitioner's wife testified that she was having hallucinations and hit herself.  She also stated that she and her husband occasionally had rough sex, which also caused bruising on her neck.  (*Id*. at 60.)

The hearing officer determined that the Petitioner's wife's and step-daughter's revocation testimony was not credible.  (*Id*. at 61.)  The hearing officer determined that Petitioner's wife's injuries matched her initial statements that she had been assaulted by Petitioner.  (*Id*.)  The hearing officer determined that Petitioner violated the conditions of his probation by committing assault/family violence.  On state habeas review, the court determined that Petitioner's due process rights were not violated and that Petitioner's parole was lawfully revoked.  (*Id*. at 76.)

Judicial review of a decision to revoke parole "is quite circumscribed." *Villareal v. U.S. Parole Com'n.*, 985 F.2d 835, 839 (5th Cir. 1993). Due process only requires that there be "some evidence" in the record to support the decision. *Id*. In this case, the Court determines there was some evidence in the record for the state court's decision to revoke Petitioner's parole. The hearing officer relied upon police testimony, witness statements taken on the day of the incident and photos of the injuries. Petitioner has failed to show a violation of his due process rights.

**4. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 28th day of August, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).